Order Filed on August 10, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**JERSEY CITY COMMUNITY HOUSING CORPORATION,**<br><br>Debtor. | Case No.:     21-15863<br>Chapter:      11<br>Judge:        John K. Sherwood |

### DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS

The New Jersey Department of Community Affairs, Division of Housing and Community Resources ("DHCR") seeks $100,000 of the proceeds from sale of a Jersey City property that was owned by Jersey City Community Housing Corporation ("Debtor"). DHCR claims it is owed the money based on a note, mortgage, and Grant/Loan Agreement the Debtor executed to receive money from a New Jersey state fund for redevelopment of deteriorating properties and affordable housing. The parties disagree about the nature of the transaction – DHCR claims the money was loaned to the Debtor, and the Debtor claims that the money was a grant that does not have to be repaid.

The Debtor requested additional discovery in its opposition to DHCR's motion. Because the Debtor has not alleged how additional discovery would help it successfully oppose the motion

Page 2
Debtor:         Jersey City Community Housing Corporation
Adv. Pro.:      21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

---

to remit proceeds, further discovery is unwarranted. The record is clear that DHCR is entitled to repayment under the plain language of the executed note, mortgage, and Grant/Loan Agreement, as well as relevant New Jersey regulations.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant 28 U.S.C. § 157(b)(2)(A), (B) and (K). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## FACTS & PROCEDURAL HISTORY

On August 3, 2006, the Debtor applied to DHCR for $975,000 in Neighborhood Preservation Balanced Housing Funds. [ECF No. 218-2, ¶ 5]. On December 16, 2008, DHCR granted the Debtor's application to rehabilitate two vacant and deteriorated properties in Jersey City: 108 Storms Avenue ("Storms Property") and 299 Bergen Avenue ("Bergen Property"). [ECF No. 218-2, ¶¶ 6-7].

The Debtor and DHCR entered into a Grant/Loan Agreement on April 22, 2010. [ECF No. 218-2, ¶ 8]. Under the Grant/Loan Agreement the Debtor was obligated to create thirteen units of affordable rental housing at the two properties. [ECF No. 218-5, p. 4]. The units were to remain affordable housing for 30 years. [ECF No. 218-5, p. 13]. The release of funds to the Debtor was based on a drawdown schedule incorporated into the Grant/Loan Agreement. [ECF

Page 3
Debtor: Jersey City Community Housing Corporation
Adv. Pro.: 21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

No. 218-5, p. 11]. On July 15, 2010, the Debtor executed a note and mortgage for $300,000 in favor of DHCR secured by the Storms Property. [ECF Nos. 218-6 and 218-7].

Under the terms of the note, the interest rate would begin accruing at one percent per year upon the Debtor completing construction of the buildings. The note would mature in thirty years from the moment the interest began accruing. At the maturity date, the balance of the principal and accrued interest would become due at the option of DHCR. [ECF No. 218-6, p. 1]. Additionally, the balance of the principal and accrued interest would become due if the units ceased to be used for affordable housing; in the event of an unapproved sale, transfer, or refinancing of the Debtor's properties; or upon a default by the Debtor under the terms of the note and mortgage. [ECF No. 218-6, pp. 1-2]. The Debtor had to submit annual audited financials, based on which DHCR would decide whether the Debtor was required pay DHCR fifty percent of project cash flow for the year. The cash flow payments would then be applied to the principal and interest on the Debtor's note and mortgage. [ECF Nos. 218-2, ¶¶ 21-23; 218-6, p. 2]. The provisions and obligations under the note are "absolute and unconditional without any defense or right of set off, counterclaim or recoupment by reason of any default by the Lender under the Mortgage or any other agreement between the Lender and the Borrower . . .." [ECF No. 218-6, p. 3]. The mortgage contains a similar provision requiring the Debtor to repay the note. [ECF No. 218-7, p. 1, Section 3].

On September 3, 2010, the Debtor requested a draw of $100,000, which DHCR approved. [ECF Nos. 218-9; 218-10]. The draw was deposited in an escrow account with BCB Community Bank. [ECF No. 218-2, ¶ 16]. Between September 23, 2010 and September 28,

Case 21-15863-JKS    Doc 258    Filed 08/10/23    Entered 08/10/23 15:41:58    Desc Main
Document    Page 4 of 12

Page 4
Debtor:        Jersey City Community Housing Corporation
Adv. Pro.:     21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

2010, the Debtor spent $62,251.74, and then spent the rest of the balance of the first draw by February 29, 2012. [ECF No. 218-2, ¶ 17].

After years of litigation in State Court with the City of Jersey City and others concerning the Storms Property and the Bergen Property, the Debtor filed for Chapter 11 bankruptcy protection on July 20, 2021. [ECF No. 1]. On July 25, 2022, the Debtor filed a motion to sell the Storms Property for $675,000. [ECF No. 133]. At the time, the Storms Property project for low-income housing was still not finished; it was in a state of "near-completion." The proposed buyer understood that the Storms Property would continue to be subject to low-income housing deed restrictions after the sale and committed to finish the project. [ECF No. 143, ¶¶ 8-10]. The Court approved the sale on August 23, 2022 over the objections of the City of Jersey City and DHCR. [ECF No. 153]. The Court directed that $100,000 of the proceeds, the amount outstanding on DHCR's mortgage, be put in escrow because of the Debtor's contention that the funds were a grant that was repayable only if the Debtor violated the deed restrictions on the Storms Property. [ECF No. 166]. The sale closed on September 12, 2022. [ECF No. 220-1, Ex. A].

On March 23, 2023, DHCR filed this motion seeking a Court order to remit the $100,000 in proceeds from the sale of the Storms Property. [ECF No. 218]. On April 11, 2023, the Debtor filed an objection on the basis that the money from DHCR was a forgivable grant, provided that the units in the Storms Property remained affordable housing. It also requested discovery. [ECF No. 220]. On April 14, 2023, DHCR filed a reply alleging that the Debtor did not have a good faith basis for its discovery request. [ECF No. 221].

Page 5
Debtor: Jersey City Community Housing Corporation
Adv. Pro.: 21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

The Court held a hearing on the motion to remit on April 18, 2023. At the hearing, the Debtor requested to depose Lorissa Luciani, an administrator at DHCR. The Court treated the motion to remit as a contested matter pursuant to Fed. R. Bankr. P. 9014(c), which incorporates Fed. R. Bankr. P. 7056. Pursuant to Fed. R. Bankr. P. 7056, the Court ordered the Debtor's principal, Lennox Terry Dehere, Jr., to submit a Fed R. Civ. P. 56(d) affidavit detailing the additional discovery the Debtor required to oppose the motion. Mr. Dehere filed his Rule 56(d) affidavit on April 24, 2023. [ECF No. 227]. On May 1, 2023, DHCR filed opposition to Mr. Dehere's affidavit. [ECF No. 229].

## LEGAL ANALYSIS

### A. Further Discovery is Unwarranted

At first blush, Mr. Dehere's Rule 56(d) affidavit makes some valid points. There is no doubt that DHCR's program provides "grant[s] and/or loan[s]." *See* N.J.A.C. 5:43-3.1. The title of the underlying "Grant/Loan Agreement" adds to the confusion. If this was intended to be a loan, why is the term "grant" in the agreement at all? And one document dated January 15, 2019 prepared by DHCR that apparently relates to the Storms Property transaction does use the term "grant" as opposed to "loan". [ECF No. 227, Ex. A, p. 7]. This document lends some support to Mr. Dehere's argument that the $100,000 advanced to the Debtor was a grant as opposed to a loan.

On the other hand, there is overwhelming evidence that the transaction between the Debtor and DHCR was a loan, payable "at the option of the Lender." The note [ECF No. 218-6],

Page 6
Debtor:       Jersey City Community Housing Corporation
Adv. Pro.:    21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

___

provides that it is due (i) at maturity (thirty years), (ii) upon default as defined in the mortgage, (iii) if the property is no longer used as affordable housing or (iv) upon the unapproved sale, transfer or refinancing of the project. Of these four distinct situations where the note would mature and be repayable, the Debtor only recognizes one – where the Storms Property is no longer used as affordable housing. The Debtor asks the Court to ignore the terms of the note which call for repayment in three other circumstances. Also, in the mortgage [ECF No. 218-7], the Debtor "promises to pay the Mortgage Loan in accordance with the provisions of the Mortgage Note." Finally, the treatment of the transaction as a loan is consistent with the regulations governing DHCR's low-income housing program – "All loans to a rental project, whether by the Department or the municipality, shall be secured by a mortgage and a note, which shall be repayable to the Department." N.J.A.C. 5:43-3.1(c).

Mr. Dehere believes discovery would reveal that no developer of low-income housing in a similar situation has been required to pay back such a grant. [ECF No. 227, ¶ 18]. He also seeks discovery to clarify portions of the Grant/Loan Agreement. For example, he claims the provisions concerning project income are unclear. [ECF No. 227, ¶ 19]. He would also like discovery for DHCR to provide instances where it terminated a Grant/Loan Agreement and demanded repayment of the grant, especially where deed restrictions remained in place. [ECF No. 227, ¶ 20]. He further seeks to depose the administrative agent under the Grant/Loan Agreement [ECF No. 227, ¶ 21], and someone from the DHCR's office to determine why DHCR did not file a proof of claim or object to a plan that treated the funds as a grant. [ECF No. 227, ¶¶

Case 21-15863-JKS    Doc 258    Filed 08/10/23    Entered 08/10/23 15:41:58    Desc Main
Document    Page 7 of 12

Page 7
Debtor:         Jersey City Community Housing Corporation
Adv. Pro.:      21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

27-28]. In its response, DHCR claims that Mr. Dehere has not identified any ambiguity in the mortgage or the note, and that the additional discovery he requests is immaterial. [ECF No. 229].

In a Fed R. Civ. P. 56(d) affidavit, a nonmovant must show that "it cannot present facts essential to justify its opposition." If the nonmovant makes that showing, a court can allow time for the nonmoving party to obtain affidavits, declarations, or to take discovery. *Id.* To make a successful showing, the nonmovant must explain "with specificity 'what particular information is sought; how, if uncovered, it would preclude [the relief sought by the moving party]; and why it has not previously been obtained.'" *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994) (quoting *Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir.1989)); *Pastore v. Bell Tel. Co. of Pennsylvania*, 24 F.3d 508, 511 (3d Cir. 1994).

Mr. Dehere did not show that the Debtor is entitled to additional discovery. Mr. Dehere's contention that discovery would reveal that no developer of low-income housing has been required to pay back a DHCR grant is contradicted by Ms. Luciani's certification that DHCR has 342 open loans which have notes and mortgages and require repayment through either annual payment of a percentage of cash flows or a balloon payment when the mortgage matures. [ECF No. 218-2, ¶¶ 21-24]. Mr. Dehere has not stated what additional information the deposition of Ms. Luciani would reveal that is not already included in her certification. Also, even if DHCR routinely did not demand repayment from other developers, it had the discretion not to do so (to the extent the other developers' notes were the same as the Debtor's note). For the same reasons, it is unclear how a discovery request for instances of when DHCR demanded repayment would help the Debtor oppose DHCR's motion to remit funds.

Page 8
Debtor:          Jersey City Community Housing Corporation
Adv. Pro.:       21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

---

Many of Mr. Dehere's discovery requests are not relevant to the issues raised by the motion. His request for clarity concerning the meaning of the project income provision in the Grant/Loan Agreement is irrelevant because the provision is not applicable to the Debtor. [ECF No. 218-5, p. 6]. From the Grant/Loan Agreement, it does not appear that the role of the administrative agent has any bearing on whether the Debtor must repay the money it received from DHCR. [ECF No. 218-5, p. 11]. Mr. Dehere has not shown how deposing the administrative agent would affect this motion to remit funds. Similarly, he has not shown how deposing someone from DHCR to find out why it did not file a proof of claim would preclude remitting the funds to DHCR. *See* Fed. R. Bankr. P. 3002(a) ("A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim."); 11 U.S.C. § 506(d)(2). Generally, DHCR's mortgage lien remained in place even though it did not file a proof of claim in the Debtor's bankruptcy case.

As set forth above, DHCR's use of the term "grant" in the correspondence relating to the Storms Property transactions supports the Debtor's argument. But, DHCR has responded to this saying that the use of the term "grant" in the document "is an administrative requirement and relates to how the funds are booked by the Treasury – it has no bearing on whether the money allocated was a loan or grant." [ECF No. 229, ¶ 6]. This response, standing alone, is not very persuasive. But, when it is considered with the overwhelming evidence that the transaction was a debt and had to be repaid in certain circumstances, DHCR's response has more weight. Although DHCR's "Grant/Loan" program sounds oxymoronic, the program is designed to get grants <u>and</u> loans into the hands of developers of low-income housing like the Debtor. The loans are so

Case 21-15863-JKS    Doc 258    Filed 08/10/23    Entered 08/10/23 15:41:58    Desc Main
Document    Page 9 of 12

Page 9
Debtor: Jersey City Community Housing Corporation
Adv. Pro.: 21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

borrower-friendly (repayment terms of 30+ years, minimal interest and only enforceable "at the option of the Lender") that they resemble grants in that the return on investment of DHCR's capital is less of a concern than the public interest of providing low-income housing. But there is no doubt that DHCR had the right to demand repayment of the $100,000 that it advanced to the Debtor, and it has done so here.

For the reasons set forth above, the Debtor has not demonstrated that additional discovery will help it in opposing DHCR's motion. The Debtor is not entitled to further discovery.

### B. DHCR is Entitled to the Sale Proceeds

DHCR claims that it is entitled to $100,000 currently being held in escrow because the funds it provided to the Debtor were a loan, and not a non-repayable grant. It claims that the requirement to repay the loan is evidenced by the plain language of the mortgage, the note, and the Grant/Loan Agreement. It also alleges repayment is mandatory under the applicable New Jersey Administrative Code provisions. As set forth above, the Court agrees with these contentions.

The Debtor's contention that the funds are repayable only if it violated the deed restrictions and that the purpose of the mortgage was to secure the deed restrictions ignores the three other instances where DHCR could demand repayment (as set forth above). Presently, the Storms Property is still subject to the deed restrictions, so the Debtor is correct that this does not provide DHCR with a basis to demand repayment at this time. DHCR arguably has the right to demand repayment because the Debtor sold the Storms Property without its approval. Although

DHCR did object to the sale of the Storms Property, it argued in the alternative that if the sale was approved, DHCR should be paid its $100,000 mortgage debt from the sale proceeds. [ECF No. 147]. The Court might take issue with the sale that it approved (subject to the affordable housing deed restrictions) being a trigger for maturity under the note. That can be a debate for another time.

What is not debatable is that that the note must be repaid at the option of DHCR at maturity which, according to the note, could be 30 years (or more) from now. It would be absurd to hold the funds in escrow for such time. The point is that in the ordinary course, DHCR would have the right to demand payment at maturity and its mortgage would remain in place until payment was made. DHCR lost the protection of its mortgage when the Court approved the sale of the Storms Property free and clear of liens. To protect lienholders such as DHCR, the Order approving the sale provided that liens would attach to the proceeds of sale. [ECF No. 153]. There is no reason why these funds should not be distributed, even though, technically, the maturity date may be decades from now.

Finally, DHCR has the right to demand payment of the note upon default by the Debtor. Events of default are described in the mortgage at Section 31. [ECF No. 218-7]. The Debtor made a covenant to complete the project which it did not fulfill. Instead, it sold the project to a third party before it was finished. Also, it appears that the Debtor breached its covenants and obligations under other mortgages against the Storms Property which are events of default under the mortgage. The City of Jersey City obtained a foreclosure judgment, and the Debtor was in default under the first mortgage held by Community Loan Fund of New Jersey. [ECF No. 122].

Page 11
Debtor: Jersey City Community Housing Corporation
Adv. Pro.: 21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

And, the Debtor failed to complete the project by the deadlines established in the Grant/Loan Agreement. These events of default give DHCR the right to demand repayment of the note even though the Storms Property is still being used as affordable housing.

Under N.J.S.A § 52:27D-320, the statute that established DHCR's fund for affordable housing, the DHCR commission is entitled to "award grants or loans" and the commissioner is authorized to establish rules and regulations governing the conditions of the grants or loans. As set forth above, loans to a rental project shall be secured by a mortgage and a note, which shall be repayable to DHCR. Additionally, the length of any loan cannot exceed the affordability period, the interest rate is set at one percent per year, and payments will constitute fifty percent of cash flows, paid annually. N.J.A.C. § 5:43-3.1(c).

The Debtor's note, mortgage, and Grant/Loan Agreement reflect these regulatory requirements, and require repayment. A note and mortgage are contracts. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 372 n.65 (3d Cir. 2020). If contractual language is plain and unambiguous, the contractual language alone determines the meaning of a contract. *Fed Cetera LLC v. Nat'l Credit Servs., Inc.*, No. 21-3037, 2022 WL 4481538, at *1 (3d Cir. Sept. 27, 2022). The language of the note and mortgage the Debtor executed in favor of DHCR is unambiguous. Even though the note terms are very borrower friendly and DHCR arguably has the discretion not to demand repayment, DHCR is entitled to repayment of the funds it loaned the Debtor and has decided to enforce this right. It is undisputed that the Debtor took one draw of $100,000 under the note. The Debtor's argument that DHCR never filed a proof of claim misses the point –

Page 12
Debtor: Jersey City Community Housing Corporation
Adv. Pro.: 21-15863
Caption of Order: **DECISION AND ORDER RE: MOTION BY NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, DIVISION OF HOUSING AND COMMUNITY RESOURCES TO REMIT PROCEEDS**

DHCR is a secured creditor with a mortgage on the Storms Property. Under Fed. R. Bankr. P. 3002(a), it is not required to file a proof of claim to demand satisfaction of its mortgage.

For the reasons set forth above, the money DHCR provided to the Debtor was a loan. DHCR is entitled to the repayment of the loan from the $100,000 of proceeds generated from the sale of the Storms Property.

**THEREFORE, IT IS ORDERED**:

1. The Debtor is not entitled to additional discovery under Fed. R. Civ. P. 56(d).
2. DHCR's motion to remit proceeds is granted as set forth herein.
3. Since this decision and order relates to the disposition of the Storms Property, the Court finds that the fourteen-day stay set forth in Rule 6004(h) applies.[1]

**DATED: August 10, 2023**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] Fourteen days will give the parties time to consider whether § 506(c) of the Bankruptcy Code applies to the $100,000 escrow.